IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CARMEN VALENZUELA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-258 |
| § | |
| FORD MOTOR COMPANY § | |
| § | |
| Defendant. § | |

**ORDER DENYING DEFENDANT'S**
**MOTION TO TRANSFER VENUE**

In this products liability case, Carmen Valenzuela ("Plaintiff") asserts a claim based on injuries suffered after a car accident involving her 1994 Mercury Villager. Defendant Ford Motor Company ("Defendant") now moves the Court to transfer this case to the Houston Division of the Southern District of Texas. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.[1]

I.  Background

On September 1, 2005, Plaintiff suffered severe injuries resulting in quadriplegia when her vehicle was struck from behind and pushed into another vehicle. Plaintiff alleges that during the accident, her seat back and seatbelt failed to protect her as they should have.

II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested, and does not authorize, publication.

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.  Analysis

In this case, it is undisputed that the accident in question happened in Houston and that Plaintiff and all other identified witnesses also live in Houston. However, merely showing that a case is more closely related to Houston is not enough to upset Plaintiff's choice of forum. Rather, Defendant bears the heavy burden of showing that the proposed forum is substantially more convenient than that chosen by Plaintiff.

Since this courthouse is roughly fifty (50) miles from that located in Houston, it is unlikely that a trial in Houston will be substantially more convenient for anyone than it would be here. In fact, given the traffic and parking problems felt throughout downtown Houston, it is likely that a trial in Galveston, where parking is free and traffic is minimal, would actually be more convenient for all

involved. In any event, Defendant's argument that this case is more closely related to Houston than to Galveston is insufficient to meet the required burden.

IV.     Conclusion

Since Defendant has not met its burden of proving that a transfer would be in the interests of justice, Defendant's Motion to Transfer Venue is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 11th day of September, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge